# In the United States Court of Federal Claims

| | |
|---|---|
| LEON REEVES,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 25-cv-1907<br>Filed: August 13, 2026 |

## MEMORANDUM AND ORDER

Leon Reeves (Plaintiff), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 1346(a)(i) and 26 U.S.C. § 7422(a) for the recovery of an alleged overpayment of his 2021 federal income taxes, for which the Internal Revenue Service (IRS) has not issued a refund. ECF No. 1 (Complaint) at 1–3. Defendant moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) for want of jurisdiction. ECF No. 10 (Motion to Dismiss or Motion) at 1. Before the parties completed briefing on the Motion to Dismiss, Plaintiff also moved for summary judgment, arguing that since Defendant filed a Motion to Dismiss instead of an Answer, Plaintiff is entitled to judgment as a matter of law if the Court denies Defendant's Motion. ECF No. 11 (Motion for Summary Judgment) at 1.

For the reasons explained below, Plaintiff's Complaint must be dismissed under Rule 12, as this Court lacks jurisdiction over Plaintiff's Complaint and Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss the Complaint (ECF No. 10), **DENIES AS MOOT** Plaintiff's Motion for Summary Judgment (ECF No. 11), and **DISMISSES** Plaintiff's Complaint (ECF No. 1), **without prejudice to refile**. *See* Rules 12(b)(1), 12(b)(6), 12(h)(3).

## FACTUAL BACKGROUND[1]

In 2025, Plaintiff submitted a Form 1040 federal income tax return for the 2021 tax year, which the IRS marked as received on February 18, 2025. Compl. at 2–3, ECF No. 1-1 (Plaintiff's Exhibit) at 4. On March 11, 2025, however, the IRS returned Plaintiff's tax return to him for lack of signature. Compl. at 2. Subsequently, Plaintiff filed a signed version of his Form 1040 federal income tax return for tax year 2021, which the IRS marked received on May 19, 2025. *Id.*; *see also* ECF No. 10-1 (Defendant's Exhibit) at 1. On October 13, 2025, the "return was marked as processed" and the IRS issued Plaintiff a "CP0012 Notice" ((CP0012 or CP12) Notice), which cited "statutory limitations" and "stated that [Plaintiff's] refund [would] be withheld." Compl. at 2.

## PROCEDURAL HISTORY

On November 7, 2025, five months and 19 days after Plaintiff filed his signed tax return, Plaintiff filed his Complaint in this Court. Compl. at 1. On the same day, Plaintiff also filed an Application to Proceed in Forma Pauperis, which the Court granted on November 10, 2025. ECF Nos. 2, 5. On February 5, 2026, Defendant filed a Motion to Dismiss Pursuant to Rule 12(b)(1), urging this Court to dismiss the action for lack of subject matter jurisdiction. Motion at 1. On February 19, 2025, Plaintiff filed his Motion for Summary Judgment. Motion for Summary Judgment at 1. On February 23, 2026, Plaintiff filed his Opposition to Defendant's Motion to Dismiss. ECF No. 14 (Response) at 1. On March 6, 2026, Defendant filed its Reply in Support of the Motion to Dismiss. ECF No. 18 (Reply) at 1.

[1] The Court takes all uncontroverted allegations in the Complaint as true for purposes of the Motion to Dismiss. *Inter-Tribal Council of Ariz., Inc. v. United States*, 956 F.3d 1328, 1338 (Fed. Cir. 2020).

## STANDARD OF REVIEW

### I. Rule 12(b)(1)

It is well established that this Court is one of limited jurisdiction. *See Marcum LLP v. United States*, 753 F.3d 1380, 1382 (Fed. Cir. 2014). The Tucker Act vests this Court with jurisdiction over any suit against the United States for damages "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, creates no enforceable right against the United States nor does it grant jurisdiction for "every claim invoking the Constitution, a federal statute, or a regulation." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (quoting *United States v. Mitchell*, 463 U.S. 206, 216 (1983)); *United States v. Testan*, 424 U.S. 392, 398 (1976). Rather, to invoke jurisdiction under the Tucker Act, a plaintiff must "identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (first citing *Mitchell*, 463 U.S. at 216; and then citing *Testan*, 424 U.S. at 398); *see* 28 U.S.C. § 1491(a)(1).

This Court liberally construes complaints filed by *pro se* plaintiffs. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Although held to a less stringent standard for procedural deficiencies, *pro se* plaintiffs must still prove by a preponderance of the evidence that this Court has subject matter jurisdiction. *See Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023); *Owens v. United States*, No. 24-1883, 2024 WL 5103361, at *2 (Fed. Cir. Dec. 13, 2024); *see also Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, *pro se* or otherwise, may be excused from the

burden of meeting the court's jurisdictional requirements.") (citing *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d. 1378, 1380 (Fed. Cir. 1987)).

When deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, this Court "accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *see also Banks v. United States*, 741 F.3d 1268, 1277 (Fed. Cir. 2014). In considering a motion to dismiss, this Court must liberally construe a complaint filed by a *pro se* litigant because *pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle,* 429 U.S. at 106). While the Court may permit ambiguities in *pro se* filings, it "does not excuse . . . failures" on the merits. *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). Accordingly, this Court must dismiss claims outside its limited subject matter jurisdiction, regardless of a plaintiff's *pro se* status. *See* Rule 12(h)(3).

## II. Rule 12(b)(6)

Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate where the facts the claimant asserts do not entitle him to a legal remedy. *Welty v. United States*, 926 F.3d 1319, 1323 (Fed. Cir. 2019) (citing *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002)). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "In considering the dismissal of a pro se complaint, the pleading is held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nonetheless, *pro se* plaintiffs are still required to allege facts sufficient to plausibly state a claim for relief. *Steffen v. United States*, 995 F.3d 1377, 1380 (Fed. Cir. 2021).

The Court of Federal Claims may dismiss claims pursuant to Rule 12(b)(6) *sua sponte* where, as here, "additional proceedings would not enable plaintiff to prove entitlement to relief." *Jolly v. United States*, 167 Fed. Cl. 249, 254 (2023) (citing *New York Life Ins. Co. v. United States*, 190 F.3d 1372, 1377 (Fed. Cir. 1999)); *Constant v. United States*, 929 F.2d 654, 657 (Fed. Cir. 1991) ("Nor is due process violated by a dismissal, even *sua sponte*, for failure to state a claim."); *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006) ("The trial court may dismiss *sua sponte* under Rule 12(b)(6), provided that the pleadings sufficiently evince a basis for that action.").

## DISCUSSION

Plaintiff seeks a tax refund pursuant to 28 U.S.C. § 1346(a)(1), which affords the Court of Federal Claims and District Courts concurrent jurisdiction over any "civil action against the United States for the recovery of any internal-revenue tax . . . erroneously or illegally assessed or collected," and 26 U.S.C. § 7422(a), which states that:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).

Defendant argues that this Court lacks jurisdiction over Plaintiff's claim because Plaintiff filed his suit too early, pursuant to 26 U.S.C. § 6532(a)(1). Mot. at 4. Section 6532(a)(1) states:

> No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of

> mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

26 U.S.C. § 6532(a)(1).

Plaintiff advances two reasons why the Court should not dismiss his Complaint. *First*, Plaintiff argues that the six-month statutory waiting period from submission of his claim to the IRS filing suit should run from when the IRS received his initial, unsigned tax return on February 18, 2025, because this unsigned return purportedly qualifies as a valid "informal" claim. Resp. at 1. Recognizing that using his signed return to calculate the six-month waiting period would render his Complaint premature, Plaintiff contends that starting the six-month waiting period required by 26 U.S.C. § 6532(a)(1) from the earlier date when the IRS received his unsigned return would satisfy the waiting period restriction and therefore render his Complaint timely filed. *Id.* *Second*, Plaintiff argues that any limitation on when he is permitted to file in this Court should be suspended under 26 U.S.C. § 6511(h) due to "financial disability." *Id.* at 2. As described below, Plaintiff's arguments lack merit and accordingly the Court must dismiss the Complaint.

**I. Plaintiff Filed His Complaint Too Early.**

For this Court to have jurisdiction over a claim for a tax refund, "the taxpayer must. . . bring a timely claim for refund with the IRS." *Noll v. United States*, No. 2024-1174, 2024 WL 3517627, at *3 (Fed. Cir. July 24, 2024) (quoting *Walby v. United States*, 957 F.3d 1295, 1298 (Fed. Cir. 2020)); *see also Dixon v. United States*, 67 F.4th 1156, 1161 (Fed. Cir. 2023) (citing *United States v. Dalm*, 494 U.S. 596, 608–10 (1990)).

At issue here is the so-called "six-month clock codified in § 6532(a)" which specifies that a taxpayer must wait six months from the date the taxpayer files their refund claim with the IRS to the date of filing the complaint unless the IRS issues a decision on the taxpayer's refund claim

within that time. *Lofton v. United States*, No. 22-1335C, 2022 WL 17086753, at *2 (Fed. Cl. Nov. 18, 2022), *aff'd*, No. 2023-1181, 2023 WL 3881362 (Fed. Cir. June 8, 2023); *see also Weston v. United States*, No. 2022-1179, 2022 WL 1097361, at *1 (Fed. Cir. Apr. 13, 2022) ("[T]he failure to file a timely complaint under § 6532(a)(1) deprives the [Court of Federal Claims] of subject matter jurisdiction.") (citing *RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1461–63 (Fed Cir. 1998)); *Gaynor v. United States*, 150 Fed. Cl. 519, 538 (2020). The six-month waiting period "allows the IRS the opportunity to investigate and adjust claimed errors before a court intervenes." *Weiner v. United States*, 15 Cl. Ct. 43, 46 (1988) (citing *Felt & Tarrant Mfg. Co.*, 283 U.S. 269, 272–73 (1931)).

Additionally, apart from this jurisdictional precedent, a taxpayer's failure to comply with all procedural requirements of 26 U.S.C. § 7422(a) "renders the claim in court subject to dismissal anyway, for failure to state a claim upon which relief can be granted." *Dougherty Electric, Inc. v. United States*, Nos. 24-1458, 24-1838, 2026 WL 2035927, at *5 (Fed. Cir. July 15, 2026) (citing *Dixon v. United States*, 67 F.4th 1156, 1161 n.3 (Fed. Cir. 2023); *Brown v. United States*, 22 F.4th 1008, 1012 (Fed. Cir. 2022)).

While it is clear that a complaint filed prematurely—before Section 6532(a)(1)'s six month waiting period has elapsed—must be dismissed, the Federal Circuit recently specified that since "noncompliance would result in dismissal either way" under either Rule 12(b)(6) or 12(b)(1), the court "need not resolve" the issue of whether failure to comply with § 7422(a)'s pre-suit filing requirements would "deprive[] the Court of Federal Claims of subject-matter jurisdiction." *Dougherty Electric,* 2026 WL 2035927, at *4–5. Accordingly, this Court examines the effect of Plaintiff's compliance with the requirements found in 26 U.S.C. § 7422(a) under both Rules 12(b)(1) and 12(b)(6).

As explained below, Plaintiff's failure to conform with all requirements of 26 U.S.C. § 7422(a)—specifically the six-month waiting period found in 26 U.S.C. § 6532(a)(1)—deprives the Court of subject matter jurisdiction. Additionally, Plaintiff's claim must also be dismissed for failure to state a claim upon which relief can be granted. *See Dougherty Electric*, 2026 WL 2035927, at *5.

In moving to dismiss Plaintiff's Complaint as premature, Defendant contends that Plaintiff filed his claim for a refund on May 19, 2025, when he submitted his signed 2021 tax return. Mot. at 4; *see also* 26 C.F.R. § 301.6402–3(a)(1) ("In general, in the case of an overpayment of income taxes, a claim for credit or refund of such overpayment shall be made on the appropriate income tax return."). Specifically, Defendant asserts that the six-month clock runs from the filing of Plaintiff's *signed* 2021 tax return on May 19, 2025, not his *unsigned* February 18, 2025, return, since (i) 26 U.S.C. § 7422(a) requires that a claim be "duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof" before filing suit in this Court, and (ii) a "duly filed" claim for a refund must contain a "statement of the grounds and facts [which] must be verified by a *written declaration* that it is made under the penalties of perjury." Mot. at 4–5 (first quoting 26 U.S.C. § 7422(a) and then Treas. Reg. § 301.6402-2(b)(1) (emphasis added)).

It is well established that without a signature, a claim for a return is not considered to be "duly filed" pursuant to 26 U.S.C. § 7422(a). *See Brown v. United States*, 22 F.4th 1008, 1013 (Fed. Cir. 2022). Therefore, as the IRS received Plaintiff's signed return on May 19, 2025, and Plaintiff filed his Complaint in this Court five months and 19 days later, on November 7, 2025, Plaintiff filed his Complaint before the statutory six-month waiting period had elapsed. Compl.

at 1. Accordingly, as Plaintiff failed to comply with the waiting period mandated by 26 U.S.C. § 6532(a)(1), this Court must dismiss Plaintiff's claim as premature for want of jurisdiction.[2]

Additionally, the Court determines that Plaintiff's claim must also be dismissed for failure to state a claim upon which relief can be granted. *See Dougherty Electric*, 2026 WL 2035927, at *4–5. Dismissal for failure to state a claim is appropriate when the facts a plaintiff asserts do not entitle him to legal relief. *See Welty*, 926 F.3d at 1323. As noted, the Court of Federal Claims may dismiss a complaint *sua sponte* for failure to state a claim where "additional proceedings would not enable plaintiff to prove entitlement to relief." *Jolly*, 167 Fed. Cl. at 254; *New York Life Ins. Co.*, 190 F.3d at 1377; *Constant*, 929 F.2d at 657; *Anaheim Gardens*, 444 F.3d at 1315.

As discussed *supra*, it is undisputed that the IRS received Plaintiff's original, unsigned return on February 18, 2025. Compl. at 2–3, Plaintiff's Exhibit at 4. Without a signature, a claim

[2] The Court recognizes that the Federal Circuit has drawn an important distinction relating to the jurisdictional component of the "duly filed" requirement found in 26 U.S.C. § 7422(a). In *Brown v. United States*, the Court of Federal Claims dismissed the plaintiffs' claims because they had not "personally signed and verified" the tax returns they filed, in violation of the "duly filed" requirement in 26 U.S.C. § 7422(a), finding that the "duly filed" requirement was jurisdictional. *Brown*, 22 F.4th at 1010–11. On appeal, the Federal Circuit remarked that while some of its precedent has stated a "taxpayer's failure to comply with other § 7422(a) requirements . . . generally is jurisdictional," this "characterization cannot be reconciled" with the Supreme Court's decision in *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 & n.4 (2014), which clarified that "'statutory standing' defects" do not implicate subject matter jurisdiction. *Id.* at 1011. The Federal Circuit therefore concluded that the "adequacy of the filing" requirements in 26 U.S.C. § 7422(a) are different than the "fact of filing" requirements, and that the "duly filed" requirement in § 7422(a) is "more akin to a claims-processing rule than a jurisdictional requirement." *Id.* at 1012 (citing *Gillespie v. United States*, 670 F. App'x 393, 395 (7th Cir. 2016). Accordingly, this Court concludes that it lacks jurisdiction because Plaintiff filed too early and failed to wait the six months required by 26 U.S.C. § 6532(a)(1). However, the Court would have jurisdiction if Plaintiff's unsigned claim had been accepted by the IRS and if Plaintiff had subsequently brought a claim in this Court after the six-month waiting period had passed based on the IRS' acceptance of such an unsigned claim. *See Brown*, 22 F.4th at 1011–12 (holding that the Court of Federal Claims had jurisdiction over the unsigned claim, but affirming dismissal pursuant to Rule 12(b)(6) for failure to statute a claim since the unsigned claim was not "duly filed" pursuant to 26 U.S.C. § 7422(a)).

for a return is not "duly filed" under 26 U.S.C. § 7422(a). *See Brown*, 22 F.4th at 1013. Since Plaintiff's signed return was received by the IRS on May 19, 2025, and Plaintiff filed his Complaint in this Court before six months had passed as required by 26 U.S.C. § 6532(a)(1), Plaintiff has therefore failed to conform to the pre-suit filing requirements found in 26 U.S.C. § 7422(a). Compl. at 1. The Federal Circuit has repeatedly held that failure to comply with these pre-suit filing requirements renders a claim subject to dismissal for failure to state a claim. *See e.g.*, *Dougherty Electric*, 2026 WL 2035927, at *5 ("[C]omplying with § 7422(a)'s pre-suit filing requirement . . . is necessary for a taxpayer's refund claim in court. That means that failure to comply renders the claim in court subject to dismissal . . . for failure to state a claim upon which relief can be granted."); *Brown*, 22 F.4th at 1012. Accordingly, as Plaintiff failed to comply with the waiting period mandated by 26 U.S.C. § 6532(a)(1) as required by 26 U.S.C. § 7422(a), Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted. *See* Rule 12(b)(6).

## II. The IRS Did Not Render a Decision on Plaintiff's Claim.

There is one exception to the six-month waiting period rule.[3] Under Section 6532(a), "[n]o suit or proceeding under section 7422(a) . . . shall be begun before the expiration of 6 months from the date of filing the claim required under such section *unless* the Secretary renders a decision thereon within that time." 26 U.S.C. § 6532(a)(1) (emphasis added). Plaintiff's claim does not fall into this exception, even though he states that on October 13, 2025, his "return was marked as

[3] Plaintiff does not contend that he qualifies for this exception. Compl. at 2; Resp. at 1–2. However, recognizing the additional latitude afforded to pleadings filed by *pro se* litigants, the Court nonetheless addresses whether this exception applies to Plaintiff. *See Erickson*, 551 U.S. at 94 ("A document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle*, 429 U.S. at 106)).

processed and [a N]otice CP0012 was issued" by the IRS that cited "statutory limitations" and "stated that [his] refund [would] be withheld." Compl. at 2. If this CP12 Notice constitutes a "decision" of the Secretary, then under Section 6532(a), Plaintiff's suit would not be barred by the six-month clock as a matter of law. 26 U.S.C. § 6532(a)(1) ("No suit or proceeding under section 7422(a) . . . shall be begun before the expiration of 6 months from the date of filing the claim required under such section *unless* the Secretary renders a decision thereon within that time.") (emphasis added).

Neither party has filed a copy of the above-referenced CP12 Notice, so it is not a part of the record before the Court. However, the IRS characterizes a CP12 Notice as a notification to the taxpayer of filing errors in a return. *See Understanding Your CP12 Notice (Including CP12, CP12E, CP12F, CP12G, CP12N, and CP12U)*, IRS, https://www.irs.gov/individuals/understanding-your-cp12-notice (last visited Aug. 12, 2026) ("We issue a CP12 when we correct one or more mistakes on your tax return.").[4] Other courts, including the United States Tax Court, have likewise found that a CP12 Notice "is issued as a first notice to inform the taxpayer of a math error on an individual return that changes the refund amount claimed on that return." *Peak v. Comm'r*, 122 T.C.M. (CCH) 308, 2021 WL 5232447, at *4 (2021) (citing Internal Revenue Manual pt. 21.3.1.5.8(1) (Sep. 12, 2017))); *see also Swanson v. United States*, No. CV 123-193, 2024 WL 2730466, at *3 (S.D. Ga. May 28, 2024) (A CP12 Notice "is not a final determination regarding a taxpayer's refund." (citing *Peak*, 2021 WL 5232447, at *3)). Though not binding, such jurisprudence is persuasive. A CP12 Notice about a mistaken calculation is not tantamount to a "decision." *See* 26 U.S.C. § 6532(a)(1) ("No suit or proceeding under section 7422(a) . . .

[4] "In establishing the predicate jurisdictional facts, a court is not restricted to the face of the pleadings, but may review evidence extrinsic to the pleadings." *Cedars-Sinai Medical Center v. Watkins*, 11 F.3d 1573, 1584 (Fed. Cir. 1993).

shall be begun before the expiration of 6 months from the date of filing the claim . . . unless the Secretary renders a decision thereon within that time."); *Hale v. United States*, 143 Fed. Cl. 180, 189 (2019) ("Although a notice of disallowance need not take any 'particular form' it must adequately notify the taxpayer 'of the Commissioner's adverse action' [to trigger the statute of limitations] . . . [and] math error notices or similar correspondence, typically fail to adequately notify taxpayers of a final adverse action[.]" (quoting *Smith v. United States*, 478 F.2d 398, 399 (5th Cir. 1973))).

Accordingly, as there is no evidence in the record that the CP12 Notice that Plaintiff received was a decision by the Secretary on his claim, Plaintiff does not qualify for the exception to the six-month waiting period rule mandated by 26 U.S.C. § 6532(a)(1). Therefore, Plaintiff was still required to wait six months from May 19, 2025, when he filed his signed tax return, before filing his Complaint in this Court.

**III. The Informal Claim Doctrine Does Not Apply.**

Plaintiff disputes Defendant's contention that this Court lacks jurisdiction to review his claim and argues that under the informal claim doctrine, his unsigned form, which the IRS received on February 18, 2025 and subsequently returned to Plaintiff to sign, "satisfies the requirements of a valid informal claim." Resp. at 1.

Under the informal claim doctrine, courts treat "a timely claim with purely formal defects [as] permissible if it fairly apprises the IRS of the basis for the claim within the limitations period" and is followed by "an untimely amendment that complied with the regulations." *Computervision Corp. v. United States*, 445 F.3d 1355, 1364 (Fed. Cir. 2006) (citing *United States v. Kales*, 314 U.S. 186, 194 (1941)). Where the doctrine applies, an untimely formal claim is allowed to "relate

back," for timeliness purposes, to a timely informal claim. *Dixon,* 67 F.4th at 1162; s*ee also Kales*, 314 U.S. at 194.

The informal claim doctrine provides an exception to the "duly filed" requirement found in 26 U.S.C. § 7422(a) for the purposes of the running of the two-year statute of limitations for a taxpayer to bring suit in this Court under 26 U.S.C. § 6532(a)(1). *See Dixon*, 67 F.4th at 1166. In *Dixon*, the plaintiff sued in the Court of Federal Claims after his refund was denied by the IRS. *Id.* at 1158. During litigation, it was discovered that the plaintiff had never signed his name on the tax returns in question, and the Court of Federal Claims dismissed the case. *Id.* at 1158–59. Following the dismissal, the plaintiff filed signed versions of the tax returns at issue and thereafter re-filed his claim at the Court of Federal Claims. *Id.* at 1159. The Court of Federal Claims subsequently dismissed the plaintiff's case as untimely, citing the proposition that the informal claim doctrine does not permit the new untimely filings to "relate back" to the "timely" but "defective" previous filings. *Id.* On appeal, the Federal Circuit held that in fact the informal claim doctrine could apply to the "duly filed" requirement found in 26 U.S.C. § 7422(a) for purposes of the two-year statute of limitations found in 26 U.S.C. § 6532(a)(1). *Id.* at 1166 (quoting *Kales*, 314 U.S. at 194 ("This Court, applying the statute and regulations, has often held that a notice fairly advising the Commissioner of the nature of the taxpayer's claim . . . will nevertheless be treated as a claim where formal defects and lack of specificity have been remedied by amendment filed after the lapse of the statutory period.")). Specifically, *Dixon* held that the informal claim doctrine can apply to save an otherwise untimely submission where a formal claim is filed after the "expiration of 2 years from the date of mailing . . . by the Secretary to the taxpayer of a notice of the disallowance" if the formal claim amends a timely, informal claim. *Id.* at 1159. The Federal Circuit did not indicate, however, that the informal claim doctrine applies to the six-month waiting

period "from the date of filing the claim required under such section" found in § 6532(a)(1) to permit a litigant to file suit *early*. *Id.* at 1160 (citing 26 U.S.C. § 6532(a)(1)).

Indeed, as the Federal Circuit reflected, the purpose of the informal claim doctrine is to allow a "relation-back amendment for fairness reasons in specified circumstances." *Dixon,* 67 F.4th at 1166 (citing *Kales*, 314 U.S. at 194). An informal claim has a "limited purpose: to 'put [] the IRS on notice that a claim is being made [which] tolls the statute of limitations until the deficiencies are corrected in a subsequent refund claim." *Cohen v. United States*, 578 F.3d 1, 10–11 (D.C. Cir. 2009) (alterations in original) (emphasis omitted) (quoting *Kaffenberger v. United States*, 314 F.3d 944, 954 (8th Cir. 2003)) *vacated in part on other grounds by Cohen v. United States*, 599 F.3d 652 (Mem.) (D.C. Cir. 2010)). This "relation-back [] for fairness" rationale does not apply to the six-month waiting period in 26 U.S.C. § 6532(a)(1), because the waiting period does not impact the statute of limitations for a plaintiff to bring a claim in this Court. 26 U.S.C. § 6532(a)(1). The statute of limitations instead runs from when the Secretary mails the taxpayer a "notice of disallowance;" therefore, the six-month waiting period does not unfairly prejudice a plaintiff seeking to bring a claim in this Court. *Id.*; *see also Stelco Holding Co. v. United States*, 42 Fed. Cl. 101, 116 (1998) (Dismissing claims filed prior to the end of the six-month waiting period for lack of subject matter jurisdiction pursuant to 26 U.S.C. § 6532(a)(1) and finding that "[b]ecause the statute of limitations is no bar to [plaintiff's] refiling of a petition respecting [the tax years at issue] there is no compelling reason to consider the propriety of invoking equitable relief and to waive compliance with the six-month waiting period which Congress has . . . prescribed."). Instead, the sole purpose of the waiting period is to allow the IRS to act on the claim prior to judicial involvement. *Dixon,* 67 F.4th at 1166 (citing *Kales*, 314 U.S. at 194); *Weiner*, 15 Cl. Ct. at 46 (observing that the purpose of the six-month waiting period is to "investigate and

adjust claimed errors"); *Crocker v. United States*, 563 F. Supp. 496, 500 n.3 (S.D.N.Y. 1983) (citing 26 U.S.C. § 6532) ("The law requires that the IRS be given an opportunity to rule on a claim for refund. For this reason, no claim may be reviewed in a court until the IRS has either denied the claim or failed to act for six months after the claim was filed.").

The Court finds that the informal claim doctrine does not apply to the six-month waiting period found in § 6532(a)(1) because the waiting period does not impact the statute of limitations for submitting a refund claim to the IRS. 26 U.S.C. § 6532(a)(1). Indeed, other courts have adopted an approach in a similar vein, whereby the six-month clock does not start to run until the original claim has been "perfected" by the subsequently filed claim, making the later-filed submission the one that begins the six-month clock. *See, e.g.*, *Hope Hospice, Inc. v. United States*, No. 2:22-cv-01365-SGC, 2023 WL 8357960, at *4 (N.D. Ala. Dec. 1, 2023) ("The six-month waiting period begins to run when an informal claim is perfected by the submission of a formal claim to the IRS or when a formal claim is submitted in the first place. The plain language of the relevant statutory provisions requires this result."); *see also Blackwood of DC, LLC v. IRS*, No. 23-cv-7, 2024 WL 5044606 at *4 (D.D.C. Sep. 11, 2024) ("In other words, after curing a deficient formal refund claim, Plaintiff must either wait for the IRS to deny the refund claim or wait six months . . . Therefore, even if Plaintiff made a successful informal refund claim, this court still lacks jurisdiction to hear its claims.").

Moreover, to permit an earlier-filed, informal unsigned claim to start the six-month clock as Plaintiff requests would curtail the time afforded to the IRS to investigate the taxpayer's claim. Indeed, the Federal Circuit has held that failure to comply with IRS signature requirements means that a "taxpayer has not 'duly filed' the refund claim," and that "the IRS ha[s] no authority to accept" Plaintiff's original unsigned refund claim. *Brown*, 22 F.4th at 1013. Therefore, since the

IRS could not accept Plaintiff's original unsigned tax return, the six-month clock could not begin until Plaintiff had "perfected" his unsigned February 18, 2025 return with his May 19, 2025 signed return. *See Hope Hospice, Inc.*, 2023 WL 8357960, at *4. There is no indication that the informal claim doctrine, which permits "relation-back amendment for fairness reasons," applies to the forward-looking six-month waiting period, which must pass before a plaintiff brings a claim to this Court. *Dixon,* 67 F.4th at 1166.

Accordingly, the informal claim doctrine is inapplicable to the six-month waiting period requirement of 26 U.S.C. § 6532(a)(1), and therefore this Court dismisses Plaintiff's claim for lack of jurisdiction and for failure to state a claim upon which relief can be granted, due to Plaintiff's failure to conform with the pre-suit filing requirements of 26 U.S.C. § 7422(a). *See Lofton*, 2022 WL 17086753, at *2 (dismissing a claim filed before the six-month waiting period had elapsed since "the failure to file a timely complaint under § 6532(a)(1) deprives the [Court of Federal Claims] of subject matter jurisdiction." (alterations in original) (citing *Weston*, 2022 WL 1097361, at *1)); *Dougherty Electric*, 2026 WL 2035927, at *5 ("[C]omplying with § 7422(a)'s pre-suit filing requirement . . . is necessary for a taxpayer's refund claim in court. That means that failure to comply renders the claim in court subject to dismissal . . . for failure to state a claim upon which relief can be granted.")

## IV. Plaintiff's Financial Disability Does Not Impact Dismissal.

Plaintiff filed an "Affidavit of Financial Disability" declaring that from approximately October 16, 2024, to October 30, 2025, he "suffered from a medically determinable physical or mental impairment that prevented [him] from managing or directing the management of [his] financial affairs, including [his] tax responsibilities" and stating that the "statutory period for filing should therefore be suspended under 26 U.S.C. § 6511(h) for the duration of [his] disability."

Plaintiff's Exhibit at 1. Plaintiff also attached a statement from his physician "confirming [his] impairment and the affected period." *Id.* at 1–2.

Section 6511(h) permits the suspension of the "periods specified in subsections (a), (b), and (c)" for periods in which an individual is "financially disabled." 26 U.S.C. § 6511(h). The deadline found in 26 U.S.C. § 6511(a) provides that a claim for a "credit or refund for an overpayment of any tax . . . shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid." 26 U.S.C. § 6511(a). Sections (b) and (c) of 6511 govern the limitation on allowance of credits and refunds and special rules that apply in the case of an agreed upon extension. 26 U.S.C. § 6511(b), (c).

As Defendant correctly points out, § 6511(h) suspends the statute of limitations for various provisions of 26 U.S.C. § 6511, which governs the amount of time a taxpayer has to file a claim for a refund, but which plainly does not apply to the six-month waiting period before filing suit, mandated by 26 U.S.C. § 6532(a). Reply at 3. Moreover, as this Court lacks jurisdiction over Plaintiff's claim pursuant to § 6532(a) because Plaintiff filed his claim too early, "suspend[ing]" the "period of limitations" under § 6511(h), as Plaintiff requests, would not cure the filing infirmity. 26 U.S.C. § 6511(h); Plaintiff's Exhibit at 1.

However, the Court notes that while Plaintiff's Complaint must be dismissed because he filed suit in this Court too early, the Court dismisses *without prejudice to refile*. More than six months have now passed since the IRS received Plaintiff's May 19, 2025 return, and it appears that Plaintiff is now eligible to file suit. Compl at 2. Indeed, in *Lofton*, another judge on this Court encountered this same situation when a plaintiff filed her complaint in this Court prior to the expiration of the six-month waiting period. *Lofton*, 2022 WL 17086753, at *1. There, while the court concluded that it lacked jurisdiction over the plaintiff's complaint and dismissed it

accordingly, the court also noted that the dismissal was without prejudice and that plaintiff could "refile her tax refund complaint as early as today, though she could not have done so as late as yesterday." *Id.* at *2. Likewise, here, while the Court must dismiss Plaintiff's Complaint, that dismissal is without prejudice, and Plaintiff is free to "refile [his] tax refund complaint as early as today." *Id.*

**V. Plaintiff's Motion for Summary Judgment is Moot.**

As Plaintiff's Complaint must be dismissed for lack of jurisdiction and for failure to state a claim, Plaintiff's Motion for Summary Judgment pursuant to Rule 56 is accordingly denied as moot. *See Booth v. United States*, 990 F.2d 617, 620 (Fed. Cir. 1993) ("Without subject matter jurisdiction, the trial court's ruling on the Government's motion for summary judgment is moot."); *Aljindi v. United States*, No. 24-242, 2024 WL 3024654, at *5 (June 17, 2024) (denying a motion for summary judgment as moot when granting a motion to dismiss for lack of jurisdiction and for failure to state a claim).

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 10), **DENIES AS MOOT** Plaintiff's Motion for Summary Judgment (ECF No. 11), and **DISMISSES** Plaintiff's Complaint (ECF No. 1), **without prejudice to refile**. *See* Rules 12(b)(1), 12(b)(6), 12(h)(3). The Clerk of Court is **DIRECTED** to enter Judgment accordingly and mark this case as closed.

IT IS SO ORDERED.

*Eleni M. Roumel*
ELENI M. ROUMEL
Judge

August 13, 2026
Washington, D.C.